# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE N. HANKINS and GARY D. REED,<br><br>Plaintiffs,<br><br>v.<br><br>STANISLAUS COUNTY CHILD PROTECTIVE SERVICES,<br><br>Defendant.<br>_____ / | CASE NO. 1:12-cv-01740-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Docket No. 1) |

## I.  INTRODUCTION

On October 25, 2012, Plaintiffs Stephanie N. Hankins and Gary D. Reed ("Plaintiffs"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Stanislaus County Child Protective Services ("Defendant").  For the reasons set forth below, Plaintiffs' complaint (Doc. 1) is DISMISSED without prejudice and Plaintiffs are granted leave to amend.

## II.  BACKGROUND

Plaintiffs' complaint alleges that on October 23, 2012, social workers from Defendant Stanislaus County Child Protective Services ("Defendant") "removed Kameron Michael Reed Hankins from the custody of his parents with the assistance of the Oakdale Police Department." (Doc. 1, p. 1.)  Plaintiffs assert that the social workers removed the child "without a warrant, and without exigent circumstances." (Doc. 1, p. 1.)  Plaintiffs state that the social workers "did not inform the parents where they were taking the baby" and "did not al[l]ow the parents to have the baby taken to a family member." (Doc. 1, p. 1.)  Plaintiffs "pray for the safe return of the minor

child," "[c]ompensation for pain and suffering" in the amount of $100,000, and any additional compensation the Court deems "appropriate." (Doc. 1, p. 1.)

On December 3, 2012, the Court granted Plaintiffs' applications to proceed *in forma pauperis*. (Doc. 6.)

### III. DISCUSSION

#### A. Screening Requirement

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

#### B. Legal Standard for Screening

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.     Plaintiffs Fail to Plead a Claim**

Plaintiffs' one-page complaint sets forth that on October 23, 2012, Kameron Michael Reed Hankins, a "baby," was taken from his parents[1] by Stanislaus County Child Protective Services without a warrant and without exigent circumstances, and with the assistance of the Oakdale Police Department.  (Doc. 1, p. 1.)  No other facts are pled.

Plaintiffs' brief, cursory complaint fails to identify any federal Constitutional right or federal law under which Plaintiffs are seeking relief.  To the extent that Plaintiffs are seeking to address purported violations of their civil rights under 42 U.S.C. § 1983, such claims must be premised on a violation of the Constitution or other federal rights.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  A properly pled complaint must provide, in part, a "short and plain statement" of Plaintiffs' claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Due to Plaintiffs' sparse factual pleadings and failure to identify any specific federal right or law that was violated, it is "very difficult to discern what precise claims plaintiff[s] actually wish[] to raise, and which factual allegations support those claims."  *Futrell v. Sacramento Cnty. Dep't. of Health & Human Servs.,* No. 2:10-CV-2424 JAM KJN, 2011 WL 666503, at *2 (E.D. Cal. Feb. 14, 2011) (dismissing a complaint against Child Protective Services with leave to amend due to pleading deficiencies).  To remedy these problems, Plaintiffs need to "clearly identify the claims that [they] wish[] to pursue and provide succinct and coherent factual allegations supporting each claim."  *Futrell v. Superior Court of Sacramento Cnty.*, No. 2:10-CV-2425 JAM KJN, 2011 WL 666494, at *2 (E.D. Cal. Feb. 14, 2011) (dismissing a case with leave to amend allegedly arising from the taking of minor children by Child Protective Services)

**D.     Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

Accordingly, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiffs will be given an opportunity to amend the deficiencies of the

---

[1] Although the Court assumes that Plaintiffs are the parents of the minor child, that fact is not actually pled or established in the Plaintiffs' complaint.

complaint. If Plaintiffs choose to file a first amended complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiffs' claims.

Plaintiffs are advised that an amended complaint supercedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220. Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint is DISMISSED without prejudice and with leave to amend; and
2. Plaintiffs SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:     January 15, 2013**                     /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE