# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE N. HANKINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS JUDGE JACK M. JACOBSON, et al.,<br><br>Defendants. | Case No. 1:12-cv-01740-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFFS' FIRST AMENDED COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Docket No. 8 ) |

## I. INTRODUCTION

On October 25, 2012, Plaintiffs Stephanie N. Hankins ("S. Hankins") and Gary D. Reed ("Reed" or collectively "Plaintiffs"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Stanislaus County Child Protective Services. On January 16, 2013, the Court issued an order dismissing Plaintiffs' complaint and allowing them 30 days to file an amended complaint. (Doc. 7.) On February 13, 2013, Plaintiffs filed a first amended complaint ("FAC"), against thirty-nine (39) Defendants (collectively "Defendants"). (Doc. 8.) For the reasons set forth below, Plaintiffs' FAC is DISMISSED without prejudice and Plaintiffs are granted leave to amend.

## II. BACKGROUND

As an initial matter, Plaintiffs' FAC appears to be missing a page, as "Facts" numbers 2 through 4 are not provided. (*See* Doc. 8, pp. 5-6.) Generally, Plaintiffs allege that judges, social workers, police officers, doctors, nurses, other medical personnel, and other people deprived Plaintiffs of their custodial and familial rights. Plaintiffs allege that they have been unable to see three of their minor children since July 18, 2012, and it appears that Stanislaus County Community Services Agency Family and Children's Services is seeking to remove a fourth child. (*See* Doc. 8.) While Plaintiffs' FAC provides significantly more factual background than the initial complaint, it is difficult to discern the precise claims Plaintiffs are seeking to raise against what Defendants and the factual allegations that support those claims.

In general, Plaintiffs allege one of their minor children was taken to the hospital by L. Hankins (presumably Defendant Leah Hankins), who was eventually granted temporary custody of three of the minor children. There are also allegations regarding visits the Defendant social workers made to the Plaintiffs' home; the impropriety of various judicial proceedings and trials, including claims of legal malpractice and perjury; false police reports; removal of minor children; drug use and rehabilitation by Plaintiffs; findings that the family had been living in a storage shed; and assertions that at least one of the minor children had been given "unnecessary medication" and "illegal spinal taps." (*See generally* Doc. 8.)

Plaintiffs assert the following "issues" in their FAC:

1. Defendants have violated the plaintiffs['] fourth amendment right to be secure in their place, person, and home of warrantless searches or seizures without probable cause or reasonable suspension [sic].
2. Defendants have violated the equal protection clause of the fourteenth amendment.
3. Defendants have violated the due process clause of the ninth and fourteenth amendments.
4. Defendants have withheld exculpatory evidence, falsified court and medical records, endangered children's lives, conspired to remove children from parental custody without a warrant, reasonable suspicion or exigent circumstances.
5. Defendants have conspired to deprive plaintiffs of their right to life, liberty, and the pursuit of happiness.
6. Defendants have conspired to deprive plaintiffs of their right to the care, custody and management of their children.
7. Defendants have deprived plaintiffs of their right to freedom and familial association.

2

8. Defendants have performed illegal spinal taps on [K.M.R.H.[1]], and given [K.M.R.H.] unnecessary medication in a[n] attempt to cause harm to him, to kidnap him under the color of law and in order to commit fraud on the United States Government.

(Doc. 8, p. 5.) Plaintiffs pray for the "safe return" of three of their minor children, "relief from the continued harassment by Stanislaus County and the State of California," that "justice be done and the criminals responsible for this horrible actions [sic] be charged and held responsible for their acts," punitive relief in the amount of $20,000,000.00, and "any other relief the court finds appropriate." (Doc. 8, pp. 13-14.)

### III. DISCUSSION

**A. Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B. Legal Standard for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[1] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure provide that a minor should be identified by initials in a filing with the court. Rule 140 of the Local Rules of the United States District Court, Eastern District of California, provides that minors be identified by initials in civil actions when federal or state law require the use of initials or when the specific identity of the minor is not necessary to the action. Thus, although Plaintiffs have identified the minor children by their full names, the Court's order will reference the minors by their initials. *Any future filings made by Plaintiffs should likewise identify the minor children by their initials only*.

550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

### C.     Plaintiffs' Factual Allegations are Unclear

Plaintiffs' FAC sets forth eight "issues" and provides 62 facts in support of those issues. However, it is unclear which facts purportedly support which issue or how the facts establish a deprivation of Plaintiffs' rights. Further, Plaintiffs allege claims against 39 separate Defendants; however, none of the issues alleged relate to any specific defendant, nor are the issues alleged against all Defendants. A majority of the Defendants named are not identified in Plaintiffs' facts, and it is unclear what claims Plaintiffs are seeking to assert against those Defendants. Plaintiffs' allegations are generally confusing, and it is impossible to discern what claims are being made against which Defendants and what facts support those claims. Plaintiffs fail to clearly set forth the specific facts that support the specific claims against the specific Defendants. *See* Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief."

### D.     Section 1983 Deficiencies

It appears that Plaintiffs are seeking to address purported violations of their civil rights. Plaintiffs should bring these claims pursuant to 42 U.S.C. § 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

>secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must further demonstrate that each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

### 1. Judicial Immunity

Plaintiffs name various state court judges, commissioners, and court employees as Defendants. Regarding the monetary damages Plaintiffs seek, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). In California, judicial immunity applies to state court commissioners as well. *See Regan v. Price*, 131 Cal. App. 4th 1491, 1495 (2005); *Tagliavia v. Cnty. of L.A.*, 112 Cal. App. 3d 759, 763 (1980); *see also* Cal. Gov't Code § 72190.

"Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)); *see also Freemanvibe v. Valley Arts & Sci. Acad.*, No. 1:12-CV-1727 LJO BAM, 2013 WL 1384992, at *6 (E.D. Cal. Apr. 4, 2013). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

There are two general circumstances where judicial immunity is overcome: (1) where a judge's act is not a judicial action, and (2) when the judge acts in the clear absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th

5

Cir. 1997), *as amended* 127 F.3d 1135 (9th Cir. 1997).  Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); M*eek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."); *Freemanvibe*, 2013 WL 1384992, at *6 (finding that the plaintiffs' claims against state court judges for allegedly depriving plaintiffs' of their custodial right were protected by judicial immunity).

Accordingly, to the extent that Plaintiffs are seeking to allege claims against the judges who made custody decisions concerning the minor children, Plaintiffs have not set forth allegations demonstrating that judicial immunity should not apply.

**2.     Social Workers**

Defendants name numerous social workers who allegedly acted to deprive Plaintiffs of their constitutional and custodial rights.  "[S]ocial workers have absolute immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also Costanich v. Dep't of Social and Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010).

The United States Supreme Court has "recognized . . . that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993) (citation omitted). This immunity extends to individuals performing functions that are "critical to the judicial process itself." *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  For example, prosecutors are absolutely immune in "initiating a prosecution and in presenting the State's case." *Id*. at 895-96 (citing *Imbler*, 424 U.S. at 431).

Accordingly, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency

6

proceedings." M*eyers v. Contra Costa Cnty. Dep't of Social Servs*., 812 F.2d 1154, 1157 (9th Cir. 1987); *see also Freemanvibe*, 2013 WL 1384992, at *4-*5.  As such, "all [social worker] actions taken in 'connection with' and 'incident to' ongoing child dependency proceedings [are] entitled to absolute immunity." *Miller*, 335 F.3d at 897.

However, to the extent social workers make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available.  *Id.* at 898.  "Even actions taken with court approval or under a court's direction are not in and of themselves entitled to quasi-judicial, absolute immunity." *Id*. at 897.  Further, social workers' absolute immunity does not apply when they make false statements. *Beltran*, 514 F.3d at 908; *Costanich*, 627 F.3d at 1115.

Here, Plaintiffs' claims of wrongdoings by the Defendant social workers are unclear, as Plaintiffs' allegations appear to relate to the social workers' investigations related to custody matters.  Further, there are no specific allegations of false reports made by the social workers; although Plaintiffs allege that one Defendant social worker allegedly committed perjury (Doc. 8, ¶ 50), Plaintiffs fail to identify the Defendant social worker's alleged falsehoods.  Again, Plaintiffs' allegations are confusing; it is impossible to discern what specific claims are being brought against what specific Defendant social workers based on what specific facts, especially since Plaintiffs identify the Defendant social workers by their names in the caption but refer to them by numbers in the complaint, without reference to which numbers correspond to which names.  Further, Plaintiffs have not set forth any allegations demonstrating that absolute immunity or qualified immunity should not apply to the social workers named in Plaintiffs' complaint.

**3.    Supervisor Liability**

Plaintiffs name several Defendant social worker supervisors in the FAC, again without any specific allegations or facts being clearly alleged against them.  Supervisory liability may be imposed in an individual capacity only when the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.  *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "Under Section 1983, supervisory officials are not

liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989); *see also Freemanvibe*, 2013 WL 1384992, at *6.

Plaintiffs' FAC does not clearly establish how the Defendant social worker supervisors were personally involved in the alleged constitutional deprivation or that there is a causal connection between their actions and any resulting deprivation. *Hansen*, 885 F.2d at 645-46.

### 4. Police Officers

Plaintiffs name several Defendant police officers, but again fail to allege specific facts and claims against them or identify how the Defendant police officers allegedly deprived Plaintiffs of their constitutional rights. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2002) (citation and quotation marks omitted). Plaintiffs fail to identify what rights the Defendant police officers allegedly violated or how those rights were violated.

### 5. Non-State Actors

Plaintiffs name numerous health care professionals as Defendants, including doctors, nurses, and other employees at Doctors Medical Center. Plaintiff also names Leah Hankins as a Defendant.

These Defendants are private individuals and not state actors. To state a claim pursuant to Section 1983, the vehicle for bringing a claim for constitutional violations, a plaintiff must plead facts indicating that the defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of the rights, privileges, or

1    immunities secured by the Constitution or laws of the United States. *Gibson v. United States*,
2    781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state
3    law, and their conduct does not constitute state action. *See Price v. Hawaii*, 939 F.2d 702, 707-08
4    (9th Cir. 1991).

5    As alleged, Plaintiffs cannot maintain a civil rights claim against these non-state actor
6    Defendants because they have not acted under color of state law and they are not government
7    officials. For the conduct of a private person or entity to constitute state action, there must
8    generally be two elements, including the exercise of a state-created right, privilege, or rule of
9    conduct (state policy), and an actor who is either a state official, one who has acted together with
10   a state official or has obtained significant aid therefrom, or one whose conduct is otherwise
11   chargeable to the state (state actor). *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1983).

12   "[S]tate action may be found if, though only if, there is such a close nexus between the
13   State and the challenged action that seemingly private behavior may be fairly treated as that of the
14   State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*., 531 U.S. 288, 295 (2001)
15   (citation and quotation marks omitted). Private entities have been treated as state actors only
16   when they are controlled by a state agency, when they have "been delegated a public function by
17   the State," when they are "entwined with governmental policies," and when the "government is
18   entwined in [their] management or control." *Id*. at 296 (citations omitted). Here, Plaintiffs have
19   pled no facts establishing that health care Defendants and Leah Hankins were state actors or that
20   their conduct was controlled by and entwined with the government.

21   **E.     Amendment to Complaint**

22   Because Plaintiffs' FAC named several new Defendants and alleged new claims that were
23   not set forth in the initial complaint, Plaintiffs will be afforded one additional opportunity to file
24   an amended complaint that corrects the pleading deficiencies. Plaintiffs should note that, due to
25   confusing factual pleadings and failure to identify how specific federal rights or laws that were
26   violated and by whom, it is "very difficult to discern what precise claims plaintiff[s] actually
27   wish[] to raise, and which factual allegations support those claims." *Futrell v. Sacramento Cnty.*
28   *Dep't. of Health & Human Servs.,* No. 2:10-CV-2424 JAM KJN, 2011 WL 666503, at *2 (E.D.

Cal. Feb. 14, 2011) (dismissing a complaint against Child Protective Services with leave to amend due to pleading deficiencies). To remedy these problems, Plaintiffs need to "clearly identify the claims that [they] wish[] to pursue and provide succinct and coherent factual allegations supporting each claim." *Futrell v. Superior Court of Sacramento Cnty.*, No. 2:10-CV-2425 JAM KJN, 2011 WL 666494, at *2 (E.D. Cal. Feb. 14, 2011) (dismissing a case with leave to amend allegedly arising from the taking of minor children by Child Protective Services)

### F. Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading

Accordingly, Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiffs will be given an opportunity to amend the deficiencies of the complaint. If Plaintiffs choose to file a second amended complaint, it should contain an explanation of which federal rights or laws were allegedly breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiffs' claims.

Plaintiffs are advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

///
///
///
///
///
///

# IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint is DISMISSED without prejudice and with leave to amend; and

2. Plaintiffs SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **July 8, 2013**                              **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE