1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE N. HANKINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS JUDGE JACK M. JACOBSON, et al.,<br><br>Defendants. | Case No.  1:12-cv-01740-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' SECOND AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE**<br><br>(Docket No. 10 )<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I.   INTRODUCTION

On October 25, 2012, Plaintiffs Stephanie N. Hankins ("S. Hankins") and Gary D. Reed ("Reed" or collectively "Plaintiffs"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Stanislaus County Child Protective Services.  (Doc. 1.)  On January 16, 2013, the Court issued an order dismissing Plaintiffs' complaint and allowing them 30 days to file an amended complaint.  (Doc. 7.)  On February 13, 2013, Plaintiffs filed a first amended complaint ("FAC") against thirty-nine (39) Defendants (collectively "Defendants").  (Doc. 8.)  On July 8, 2013, the Court issued an order dismissing Plaintiffs' FAC and allowing them 30 days to file an amended complaint.  (Doc. 9.)  On August 9, 2013, Plaintiffs filed a second amended complaint ("SAC") against an unidentified number of Defendants.  (Doc. 10.)

1   For the reasons set forth below, the Court RECOMMENDS that Plaintiffs' SAC be

2   DISMISSED with prejudice and without leave to amend.

3   **II.   BACKGROUND**

4   As an initial matter, the caption on Plaintiffs' SAC does not identify all the Plaintiffs and

5   simply lists "Stephanie N. Hankins, et al." as Plaintiffs.  The caption also fails to identify all the

6   Defendants and lists only "Superior Court of California, County of Stanislaus Judge Jack M.

7   Jacobson; Melissa Manaig, in her official and unofficial capacity as an employee of Doctors

8   Medical Center, et al." as Defendants.  (Doc. 10, p. 1.)[1]  The SAC, however, makes reference to

9   Plaintiff Gary Reed and numerous additional Defendants throughout the complaint.[2] Due to

10  Plaintiffs' failure to set forth all parties in the caption of the SAC, the identity of the parties in this

11  case is unclear.

12  Additionally, Plaintiffs' allegations in the SAC are unclear, and it is difficult to discern the

13  precise claims Plaintiffs are seeking to raise against what Defendants and the factual allegations

14  that support those claims.  Generally, Plaintiffs appear to allege that judges, social workers, police

15  officers, doctors, nurses, other medical personnel, and others deprived Plaintiffs of their custodial

16  and familial rights.   Plaintiffs set forth allegations regarding judicial and other proceedings

17  concerning custody of Plaintiffs' minor children.  (Doc. 10.)

18  Plaintiffs bring their claims pursuant to 42 U.S.C. § 1983 and allege causes of action

19  under criminal codes 18 U.S.C. §§ 1001 and 1035, as well as causes of action for fabricated

20  evidence; false statements made under penalty of perjury by state actors; conspiracy against

21  rights; withholding material evidence; violation of the Fourteenth Amendment regarding equal

22  protection, due process, and search and seizure; violation of the Eighth Amendment prohibition

23  against cruel and unusual punishment; violation of the Thirteenth Amendment prohibition of

24  slavery and involuntary servitude; and violation of the Sixth Amendment right to confront

25  witnesses.  (Doc. 10.)  Plaintiffs pray for the safe return and physical custody of their minor

26

27  [1] The page numbers referred to are based on the pagination generated upon the filing of the SAC on EM/ECF. Plaintiffs did not provide page numbers or number any of the paragraphs in the SAC.

28  [2] Plaintiffs' FAC listed 39 Defendants, many of which seem to be referenced in the SAC.

2

children K.A.H., J.N.H., and J.J.H.; for the "Juvenile Court" to be ordered to dismiss the case *In re K.M.R.H.* and return full legal and physical custody of minor child K.M.R.H. to Plaintiffs; for Defendants "Judge Jack M. Jacobson, et al., be charged with crimes that said defendants have knowingly and willingly committed against plaintiffs"; for $20,000,000 "for pain and suffering, and emotional anguish"; and that Defendants "Judge Jack M. Jacobson, et al., be ordered to pay for any and all medical care, and mental health care[,] needed by plaintiff[s], Stephanie Hankins, et al., in order to recover or help recover from the horrible crimes committed against the plaintiff[s]."  (Doc. 10, pp. 54-55.)

### III.   DISCUSSION

**A.     Screening Requirement**

In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Legal Standard for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

## C.      The Parties in this Action are Not Clearly Identified

As noted above, the caption on the SAC does not clearly identify the parties.  Plaintiffs are listed as "Stephanie N. Hankins, et al."  (Doc. 10, p. 1.)  However, the SAC makes repeated references to Plaintiff Gary Reed.  (*See, e.g.*, Doc. 10, pp. 4, 9, 14, 15, 18-20, 28, 29, 31, 33, 36, 38-44, 46, 47, 49, 51, 53-55.)   The listed Defendants are "Court of California, County of Stanislaus Judge Jack M. Jacobson and Melissa Manaig, in her official and unofficial capacity as an employee of Doctors Medical Center, et al"  (Doc. 10, p. 1); however, the SAC refers to numerous additional Defendants.  (*See generally* Doc. 10.)   The alleged claims also fail to identify which Defendants they are being brought against.

The Court notes that the caption on Plaintiffs' FAC identifies Plaintiffs and 39 total Defendants.  (Doc. 8, pp. 1-3.)  The Court, however, cannot reference the FAC in determining the parties in the SAC.  Plaintiffs were informed that the amended complaint must be a complete pleading and were previously advised that:

> an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be 'complete in itself without reference to the prior or superseded pleading.' Rule 220 of the Local Rules of the United States District Court, Eastern District of California.

(Doc. 9, 10:14-17; *see also* Doc. 7, 4:4-7.)  As such, Plaintiffs were informed they were required to clearly set forth the allegations in the amended complaint, which includes the identity of the parties and the specific claims being brought against the specific Defendants.

///

///

4

1

**C.      Plaintiffs' Factual Allegations are Unclear**

2           The Court previously determined the factual allegations in Plaintiffs' FAC were vague and

3    did not "clearly set forth the specific facts that support the specific claims against the specific

4    Defendants."  (Doc. 9, 4:9-20 (citing Fed. R. Civ. P. 8(a)(2)).)  The factual allegations in the

5    Plaintiffs' SAC remain difficult to discern and are even more confusing than the allegations

6    previously set forth in the FAC.  While Plaintiffs' FAC provided 62 paragraphs of facts in support

7    of the claims alleged, Plaintiffs' SAC does not provide a separate fact section.  (*See* Docs. 8, 10.)

8    Instead, Plaintiffs' SAC alleges numerous causes of action with allegations purporting to support

9    each cause of action.   The SAC neither identifies what claims are alleged against which

10   Defendants, nor establishes which facts support what claim against an individual Defendant or

11   how each Defendant allegedly deprived Plaintiffs of their rights.  *See* Fed. R. Civ. P. 8(a)(2)

12   (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

13   **D.      No Private Right of Action for Criminal Statutes**

14          Plaintiffs allege causes of action under 18 U.S.C. §§ 1001 and 1035.  Section 1001 is a

15   criminal statute that provides in pertinent part:

16
17          (a) Except as otherwise provided in this section, whoever, in any matter within the
            jurisdiction of the executive, legislative, or judicial branch of the Government of
            the United States, knowingly and willfully--

18          (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

19          (2) makes any materially false, fictitious, or fraudulent statement or representation;
20          or

21          (3) makes or uses any false writing or document knowing the same to contain any
            materially false, fictitious, or fraudulent statement or entry; shall be fined under
22          this title, imprisoned not more than 5 years . . . .

23   18 U.S.C. § 1001(a).

24          Additionally, Section 1035 is a criminal statute that provides in pertinent part:

25          (a) Whoever, in any matter involving a health care benefit program, knowingly
            and willfully--
26
27          (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
            or

28

5

1

2
(2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

3

4

5
18 U.S.C. § 1035(a).

6
Plaintiffs may not sue Defendants for violation of the penal code.  *See Gonzaga Univ. v.*

7
*Doe*, 536 U.S. 273, 283-86, (2002) (basing a claim on an implied private right of action requires a

8
showing that the statute both contains explicit rights-creating terms and manifests an intent to

9
create a private remedy); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.

10
2006) (no private right of action for violation of criminal statutes); *Barch v. State of Hawaii Dep't*

11
*of Labor & Indus. Relations*, No. CIV 04-00712 SOM/BMK, 2006 WL 3078933, at *3 (D. Haw.

12
Oct. 26, 2006) (no private right of action under Section 1001).  As such, Plaintiffs claims for

13
violation of 18 U.S.C. §§ 1001 and 1035 are not viable.

14
**E.      Section 1983 Deficiencies**

15
It appears that Plaintiffs are seeking to address purported violations of their civil rights.

16
Plaintiffs bring these claims pursuant to 42 U.S.C. § 1983, which "is a method for vindicating

17
federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983

18
provides in relevant part:

19

20

21
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

22

23
42 U.S.C. § 1983.

24
To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it

25
may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed

26
the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);

27
*Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  A plaintiff must further demonstrate that

28
each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at

6

676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

### 1.   Judicial Officers

Plaintiffs appear to be suing various state court judges, commissioners, and court employees ("judicial Defendants"), although, as noted above, Plaintiffs do not clearly identify what claims are being brought against which Defendants. Regarding their request for monetary damages, Plaintiffs have been previously informed by this Court that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." (Doc. 9, 5:11-16 (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). As Plaintiffs were informed, "[i]n California, judicial immunity applies to state court commissioners as well." (Doc. 9, 5:16-18 (citing *Regan v. Price*, 131 Cal. App. 4th 1491, 1495 (2005); *Tagliavia v. Cnty. of L.A.*, 112 Cal. App. 3d 759, 763 (1980); Cal. Gov't Code § 72190)). Regarding Plaintiffs' request that the judicial Defendants be criminally prosecuted, as noted above, Plaintiffs do not have a private right of action for criminal charges. Regarding Plaintiffs' request that the case regarding K.M.R.H. be dismissed in "Juvenile Court," and that their children be returned to them, this Court does not have jurisdiction over challenges to state court proceedings. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

In this Court's order dismissing Plaintiffs' FAC with leave to amend, the Court previously noted:

> "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)); *see also Freemanvibe v. Valley Arts & Sci. Acad.*, No. 1:12-CV-1727 LJO BAM, 2013 WL 1384992, at *6 (E.D. Cal. Apr. 4, 2013). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).
>
> There are two general circumstances where judicial immunity is overcome: (1) where a judge's act is not a judicial action, and (2) when the judge acts in the clear absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th Cir. 1997), *as amended* 127 F.3d 1135 (9th Cir. 1997). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); M*eek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of

immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."); *Freemanvibe*, 2013 WL 1384992, at *6 (finding that the plaintiffs' claims against state court judges for allegedly depriving plaintiffs' of their custodial right were protected by judicial immunity).

(Doc. 9, 5:19-6:8.)

Plaintiffs' claims against the judicial Defendants appear to be based on the judicial Defendants making custody decisions concerning the minor children in judicial proceedings. Although Plaintiffs contend that judicial immunity should not apply, Plaintiffs' allegations are unclear and do not establish how the judicial Defendants are subject to the suit.

**2.     Social Workers**

Defendants appear to name numerous social workers who allegedly acted to deprive Plaintiffs of their constitutional and custodial rights; however, as noted above, it is unclear what claims are brought against which social workers.

As the Court previously informed Plaintiffs:

"[S]ocial workers have absolute immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (citation and internal quotation marks omitted); *see also Costanich v. Dep't of Social and Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010).

The United States Supreme Court has "recognized . . . that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993) (citation omitted). This immunity extends to individuals performing functions that are "critical to the judicial process itself." *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). For example, prosecutors are absolutely immune in "initiating a prosecution and in presenting the State's case." *Id.* at 895-96 (citing *Imbler*, 424 U.S. at 431).

Accordingly, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." M*eyers v. Contra Costa Cnty. Dep't of Social Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987); *see also Freemanvibe*, 2013 WL 1384992, at *4-*5. As such, "all [social worker] actions taken in 'connection with' and 'incident to' ongoing child dependency proceedings [are] entitled to absolute immunity." *Miller*, 335 F.3d at 897.

However, to the extent social workers make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available. *Id.* at 898. "Even actions taken with court approval or under a court's direction are not in and of themselves entitled to quasi-judicial, absolute immunity." *Id.* at 897. Further,

social workers' absolute immunity does not apply when they make false statements. *Beltran*, 514 F.3d at 908; *Costanich*, 627 F.3d at 1115.

(Doc. 9, 6:14-7:10.)

Plaintiffs appear to allege that qualified immunity should not apply to the social workers because they made false statements and fabricated evidence during investigations and judicial proceeding related to custody matters.   However, Plaintiffs' claims of wrongdoing by the Defendant social workers are unclear and confusing, and it is impossible to discern what specific claims are being brought against what specific Defendant social workers based on what specific facts.   As such, Plaintiffs have not set forth any clear allegations demonstrating that absolute immunity or qualified immunity should not apply to the social workers named in Plaintiffs' complaint. *See* Fed. R. Civ. P. 8.

### 3.      Supervisor Liability

Plaintiffs appear to name several Defendant social worker supervisors in the SAC, but again it is unclear what specific allegations or facts are being clearly alleged against them.

As the Court previously noted:

> Supervisory liability may be imposed in an individual capacity only when the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).   "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.   A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989); *see also Freemanvibe*, 2013 WL 1384992, at *6.

(Doc. 9, 7:25-8:5.)

Plaintiffs' SAC does not establish what claims are being alleged against the Defendant social work supervisors, how the Defendant social worker supervisors were personally involved in the alleged constitutional deprivation, or any causal connection between their actions and any resulting deprivation.

///

///

///

9

### 4.   Police Officers

Plaintiffs attempt to name several Defendant police officers, but again fail to discernibly allege specific facts and claims against them or identify how the Defendant police officers allegedly deprived Plaintiffs of their constitutional rights.

The Court previously informed Plaintiffs that:

> Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2002) (citation and quotation marks omitted).

(Doc. 9, 8:12-18.)

Although Plaintiffs assert that the Defendant police officers should be denied qualified immunity, Plaintiffs fail to identify what rights the Defendant police officers allegedly violated or how those rights were violated.

### 5.   Non-State Actors

Plaintiffs apparently name numerous health care professionals as Defendants, including doctors, nurses, and other employees at Doctors Medical Center. Plaintiffs also appear to name Leah Hankins as a Defendant.

The Court previously informed Plaintiffs that they cannot allege claims for constitutional violations against non-state actors.

> These Defendants are private individuals and not state actors. To state a claim pursuant to Section 1983, the vehicle for bringing a claim for constitutional violations, a plaintiff must plead facts indicating that the defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law, and their conduct does not constitute state action. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).
>
> As alleged, Plaintiffs cannot maintain a civil rights claim against these non-state actor Defendants because they have not acted under color of state law and they are not government officials. For the conduct of a private person or entity to constitute state action, there must generally be two elements, including the exercise of a state-created right, privilege, or rule of conduct (state policy), and an actor who is either a state official, one who has acted together with a state official

10

or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1983).

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (citation and quotation marks omitted). Private entities have been treated as state actors only when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." *Id.* at 296 (citations omitted).

(Doc. 9, 8:25-9:18.)

Plaintiffs' SAC fails establish that the health care Defendants and Leah Hankins were state actors or that their conduct was controlled by and entwined with the government.

**E.     Leave to Amend Should Not Be Granted**

Despite Plaintiffs having been previously informed by the Court of the deficiencies in their claims and having been provided two opportunities to amend, they have been unable to amend their complaint to state clear, cognizable claims, indicating an inability to do so.  Plaintiffs' allegations remain unclear and confusing, the Court cannot discern what claims are being brought against what Defendants, and numerous Defendants appear to be improperly named. As such, the Court recommends that Plaintiffs' SAC be dismissed with prejudice and without leave to amend. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (dismissal with prejudice appropriate where deficiencies of complaint were explained, time was afforded to amend, and the plaintiff was warned that failure to cure deficiencies would result in dismissal).

## IV.     CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' second amended complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 12, 2014**                    **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE